The case for argument is 20-2189 VTT Tech v. SiTime Corporation. Mr. Woodford, please proceed. Thank you and good morning. May it please the court. The terms drive and sense at the center of this appeal were recognized and used as structural terms by those of skill in the art in the resonator field for 20 years before VTT ultimately used those terms in the claim. This is evident from the very first sentence of a 1990 article actually written by SiTime's expert, which says, this paper investigates the electrostatic drive and sense of polysilicon resonators and then continues. Many patents, dictionary definitions, continue to use those terms over the next 20 years. And ultimately, Your Honor, the district court's indefinite finding here was incorrect because the court applied the wrong... Isn't it true, counsel, that those terms, though, even if understood generally, still encompassed not even a class, but a potential variety of drivers or sensors? That's correct. The terms drive and sense over time developed into what I would call a fairly multitude of different structures that fall under those terms or are understood by those terms. Right. And isn't that the problem here is that if there's a multitude of different structures, that will... First, as to phase one of the analysis, if there's a multitude of different structures, then the mere reference to those generic terms does not connote the structure for purposes of whether it's a means-plus function term, right? Well, no, I don't think that's right. And that's really kind of the fundamental error in this case. Ultimately, you look at the law on what constitutes a sufficiently definite meaning as a name for structure. The court, there are many cases that have addressed this issue. And one of the issues that has come up many times is, does that mean that the term has to connote a specific structure or a precise physical structure? And the answer is no. Several cases, MIT, Lighting World, Greenberg, Watts, have said that a term can be sufficiently definite even though it covers a broad class of structures and even though it identifies structures by their function, which is common, of course, in the electronic arts. And that's really at the crux of the error by the district court. The district court, in its opinion, applied the wrong standard. And there's four examples of this where really it was contrary to this specific structure issue that's been raised. And the first of which is on page 19. After, of course, reciting this sufficiently definite meaning as the name for structure standard, that that was recited correctly. But that begs the question, what is sufficiently definite? What does that mean? And then when the court continued, you could see how the court began to deviate significantly and erroneously from the standard. Right after reciting the standard in Williamson, the sufficiently definite meaning, the court referred to a requirement of connoting specific structure. And that was on page 19 of the order. Counsel, let's judge more. So the first step in this analysis is we have to recognize that you chose to use the word means. So the presumption that this is, in fact, implicating 112.6 applies. The next step is we look to the intrinsic record to see if there's anything in the spec that defines a class of structures like you're describing. Is there anything in the spec here that you believe describes a class of structures for the drive or sense means? Because I certainly saw where the driver could be a transducer and that's a particular structure, not a class of structures. But I didn't see anything in the spec that defined a class of structures like you're suggesting. I'm not saying it has to be in the spec. I'm just starting, you know, kind of work my way through this. Is there anything in the spec that I'm missing that you believe the court erred in not identifying as defining a class of structures? No, I don't believe that the spec defines a class. The spec uses the terms as though they're known, you know, by those of ordinary skill in the arts. So it's one of those situations where there's really no need to define any and every example of drive and sense. Only a few are provided. So counsel, so if it's not, this part, whether it's a 112.6 term or not, it's a question of law. But if we can't determine that from the spec, we now have to look to the extrinsic evidence and it now has migrated from a question of law to one where we have to give deference to fact findings. For example, what dictionaries say or what experts testify to? Do you agree with that, right? I'm not misstating the law at this point. Well, no, I wouldn't agree with that in the factual, giving deference to factual findings. If you look at really TABA and what the Supreme Court said, the question that the court answered concerns, and this is right from the case, concerns the review of the district court's resolution of a subsidiary factual dispute. In this case, there weren't factual disputes relating to those items. VTT submitted, and because it had to, because these are terms that the district court and generally lay people don't understand. Drive and sense are not terms that they use on a regular basis. So we're forced to put in extrinsic evidence so people understand and can resolve the claim construction issue. But there weren't factual disputes because CyTime actually didn't put in any evidence of its own. Really, what happened during the claim construction process was the court, the parties were arguing the law around these statements, these really undisputed facts in the record. So there were no factual findings. Well, counsel, I'm not sure that's right. To the extent that the district court is, for example, looking into the dictionary and deciding whether the word drive or sense is being used as a noun or as an adjective, for example, that's a fact finding, isn't it? Well, I suppose it could be, but I mean, the dictionary says itself whether or not these words are nouns, and in the dictionary they were. But even if you consider that to be a factual finding, just reading what is stated in a dictionary, that still wouldn't apply here because the law that was used to analyze, the standard that was used to analyze and evaluate this evidence was incorrect. So no matter what, if your factual findings, let's say, for example, hypothetically that those exist, that reading these documents does constitute a factual finding, then if the wrong law is applied in evaluating that, those factual findings are clearly erroneous on their face. And so there is no deference that needs to be provided to whatever conclusions the district court made when applying the wrong law. And that's the situation we find ourselves in. But I guess I'm sort of back at, let's focus on pages 20 and 21 of the district court opinion, where the district court is analyzing the dictionary that you submitted and explaining that a driver is a piece of structure, but a drive means is more functional. And when looking at the word driver in a dictionary, that is structure, but the word drive has an same thing with regard to sense or censor explaining these differences. And you don't think any of that is fact finding to which deference needs to be given? No, Your Honor. And it's for the two reasons. One, there is no factual dispute that was here. Drive was defined as the means or apparatus for transmitting motion or power to a machine from one machine part to another. So drive was means or apparatus. Driver was defined as a machine part that transmits motion or power to another part. So driver was an example of a court and really discounted this definition of drive because it referred to a means or apparatus, meaning it didn't define any specific structure. But the error is that it doesn't need to. It doesn't need to define a specific structure. The reference to means or apparatus refers to a broad class of structure. The very fact that these words are in the dictionary in the specific context of this patent demonstrates that these terms have achieved status as nouns. Counsel, this is Judge Moore again. So you're focusing on drive, which I understand why. That is the best word for you. What about sense? What is the broad class of structures that the word sense refers to? Sure. Sense refers, and this was in our proposed construction, sense refers to the broad class of structures, which includes a transducer. And sense, again, was used with drive. I'm sorry. I missed it. What was the definition of the broad class of structures? How do I define the broad class of structures? I understand it includes a transducer in your mind, but how would one of skill in the art define the boundaries of the class of structures that constitute the word sense? We did not define the boundaries in our proposed construction, and I don't believe that's necessary, that every construction of a broad class of structures has to define the boundary. In fact, in Greenberg and cases of that nature, there was this exact argument made. In fact, I think it was more, it was in lighting world, actually, with respect to the connector assembly. And the district court said that this connector assembly construction would cover every conceivable structure. And the court said, didn't require that the claim be construed to define the boundaries of what structures fell in or what structures fell out. It was actually applied a very broad structure. I think it used essentially a unit that connects. I don't have the exact wording. Okay. Well, first of all, counsel, in lighting world, the presumption didn't apply. In fact, the presumption went the other way. But what about Stuyveld and Nixdorf? I mean, the district court relied on that case, and it very specifically says that you can't define a class of structures by the functions they perform. And the district court found that that anything that serves these functions, and the spec doesn't just talk about transducers, but it refers sort of generally to physioelectric mechanisms. But isn't that the problem here, is that you're wanting us to say that the structures are broad, it's a class of structures, and it's anything that performs these functions. And as much as maybe some experts would know that, I don't know that that satisfies the law with respect to how to engage in functional... Well, I'll start with Diebold. In Diebold, the issue was that the expert offered the construction, but didn't offer any supporting evidence. And that's different here, because Dr. Meinhardt referred to intrinsic evidence that was there, dictionary definitions, the prior patents, and that show that these terms are actually, they're nouns, they're understood, they're real, they're used in the art. And those in the art understand what structures fall within this class of structures. One of the reasons that the boundaries weren't set in this case is because there's no dispute over the structures at issue, whether or not they were considered drive and That's why we didn't, in the claim construction process, didn't have to go through and try to define the boundaries. Usually, you're only doing that when there's some dispute, where they would come forward and say, well, wait a second, this is not one of those structures that falls within this class. And that's why... But if you do look at our proposed constructions, VTT's constructions, they do refer to the class of devices that's known in the field. So that's how we defined it. We identified that class. And to the extent there was a dispute that never came up, we never had a chance to really further define what that, you know, what would fall in or what would fall outside of that. Judge O'Malley, do you have any follow-up questions or can we move on to the appellee? No, we can move on. Thank you, Chief. Sure. Mr. Jacobin. Thank you, Your Honor. It's David Jacobin for CyTime. May it please the court. The questions you've been asking just now, I think highlight the issues here. The claim term at issue is driver sensed means. And because the word means is used, the presumption of functionality applies pursuant to 35 U.S.C. 112 paragraph 6. VTT tries to avoid this, but that's there. They chose that means. You wouldn't have an indefiniteness argument, right? Because if 112.6 applied, the spec clearly links a transducer as a structure to the drive means in the spec. Is that right? Yes, Your Honor. That is correct. So your case hinges on us concluding this is 112.6 language, and then there is no corresponding structure for the sense means, right? Yes, that's correct, Your Honor. Okay. Please proceed. And so as a result, you know, the district court was aware of that. It got the presumption right, and it did not impose a heightened standard. The district court, as counsel just stated in different places in its opinion, made it clear that it was using. If instead of the claim saying drive or sense means, it said drive or sense circuitry. What about that? That would be different. Drive or sense circuitry would be a noun because circuitry was clearly structure, and that was what was used in the common parlance of one of ordinary skill. Counsel, I think your English teacher from elementary school may be a little sad right now. Do you think the word means is not a noun? No, the word means is a noun, but it's the nonce term as we talked about before. So drive means is a noun, and drive circuitry is a noun, right? So your initial distinguishing characteristic that one was a noun probably doesn't actually work, right? Well, the distinguishing characteristic of circuitry is that it is commonly understood by those of skill in the art as having a definite structure in contrast to the word means. And so as a result, that's what this court, the lower court, was grappling with is that the word drive and the words sense were functional terms. It was the VTT also chose to use the word means. They chose not to illustrate this structure in the figures. They chose not to incorporate by reference some of the structures that did exist in another application, but they would now like this court to determine that the lower court used a heightened standard. The lower court didn't do that. The instances that they pointed to, the use of the word concrete, the court found the chamber's definition does not suggest concrete structure, quite the opposite. It indicates that the drive is used to refer to anything. That was a factual finding. It wasn't a heightened standard. It was the court taking a close look at that dictionary definition. What if, counsel, what if, I mean, because part of my problem is it seems like this isn't even really at the heart of what was invented here or what was the inventive concept. So what if they just said you could use any method to do this, and they're all sort of generally well-known? Well, Your Honor, it's established. No, it wouldn't because it's established law, Your Honor, that every element in a claim is a significant element and has to be accounted for. You can't simply say, well, this isn't the most important one here, and therefore, we don't have to look at it. VTT chose to do that. It didn't need to include this limitation in the claim, but it did, and it stuck with what it did. It chose its European attorney who used the word means, who didn't put figures in the case, and who didn't prosecute it in the way that maybe they would have liked to now, but they're stuck with that. As to the court, as to the lower court, the other words, specific structure, well, the usage of the word specific was something that, in fact, VTT's expert relied upon. Paragraph 60 of his declaration where he talked about a specific class of devices. So it was VTT who introduced that word as well. Definitely not a heightened standard. And as to exact structure, this was getting back to the question that Judge Moore just asked me, which was, in the context of some dictionary definitions that used the word circuitry or electrode, the words drive and sense were advocates modifying those structural terms, but on their own, they were just as plausibly referring to function or operation of structure as they were operation of structures. I guess one of the problems for me is, I think you and I probably both agree that if it said sense circuitry, that that wouldn't implicate 112.6. And your response is, which I understand, but it doesn't say sense circuitry. It says sense means, number one, there's a presumption, and number two, it's ambiguous as to what that means might be. But what could the means be other than circuitry in this instance? What else could it be? Well, other than circuitry, these are MEMS devices, microelectromechanical systems. And so it could be any mechanical aspect of a micromechanical system, such as a motor. It could be many things. And so as a result, we don't know. And that's the problem that we have. And the lower court grappled with it. I'm a little confused. I'm not a mechanical engineer, but how's a motor going to be the sense means? I'm sorry. If you were referring to sense means... Yeah. How could it be anything other than circuitry? Well, I mean, it depends upon what force is being sensed, whether it would be mechanic, whether it would be optical, I mean, whether it's mechanical. The claim is directed to the actuation or the deflection. There could be various different ways to sense that deflection that are not necessarily a circuit. An optical would be light. It would be a reflection of light. But that gets back to then that the class of devices as they have set out doesn't have a bounds. The drive class, as the DTT expert defines it, actuates the semiconductor element and causes it to oscillate. That has no bounds. That has no structure to it. Yes, he used such as a transducer. I'm still struggling. Again, not a mechanical engineer over here, not trying to pretend to be one. But the claim element here is sense means functionally coupled to said semiconductor element. So I'm sort of wondering if your example that, well, it could be optical, is really realistic in light of this claim language. I don't know how the optical sensor could be... I use the optical because optical was one of the forces that DTT included within its definition of the forces that its class of devices could sense. I guess, but we're trying to understand what driver sense means functionally coupled to said semiconductor element would mean to a posita, right? That's the goal. Would that have or draw a posita to a particular class of structures? I, we don't believe that it would. And if you look at paragraph 61, Dr. Meinhardt's declaration in appendix 542, he says the sense means can measure electrical, mechanical, optical, piezo, or magnetic signals over time. What, what can you, can you, I'm sorry, can you tell me again what page that is? You went so fast. I'm trying to keep up. I am sorry. Appendix 542. Oh yeah. Yeah. I have that flagged actually. Okay. So go ahead. Appendix 542. At paragraph 61. Yep. I have that underlined in fact. Sense means can measure electrical, mechanical, optical, piezo, or magnetic signals over time is what their expert is used to then say, this is what this class of devices can do. And it's very clear that there define sufficient structure does not connote sufficient structure to one of ordinary skill in the art for all of those different forces. And that's where the court then, when it was talking about the class of devices, while it found that Dr. Meinhardt referred to a transducer, it ended up finding that the class was not limited to that and the class was undefined. But we are supposed to read this in the context of the claims, right? So in the context of the claims, isn't there a limited universe of structures that would work? I'm sure that the answer to that is yes, your honor. But nonetheless, the language itself doesn't connote what that limited universe is. And that's the problem with the claim. And you're saying it wouldn't connote what that limited universe is to even one of skill in the art? Well, one of ordinary skill in the art reading drive or sense could put together that it could build something. We're not saying that that isn't the case, but it isn't what one of ordinary skill in the art would use to connote specific structure. As one of your honors had said, well, drive was his best argument, but then there was sense. And so sense is in contrast to claims that act cases that actually have means language that were found not to be such as a system memory means in the tech sec, the IDM case. It's interesting to note that various cases that counsel relied upon, which I believe were the Greenberg and the watch case, those were all cases where the presumption didn't apply because it was either a, it was, they were words without means in them. Okay. Anything further move on for the last thing would be the last aspect to cover is that as you go to the second step, it's then the intrinsic evidence that the court has to look at. And in relating to sense means, and that is at, if you'll excuse me, I'll open it up to that page. Column three lines 12 to 15 at APPX 79, where it only states in addition, there is provided driver sense means functionally coupled to semi-conductor element for actuating or sensing said residents or deflection period. That's what it says. Nothing more. That's all I have. Thank you very much. Thank you counsel. Mr. Woodford, you have a little bit of a bottle time. Please proceed. Thank you, your honor. So I think the, you know, where we're at here is that these terms driving sense are both nouns. They were both used for 20 years before the patent. BTT used these terms in the claim. And yes, BTT used the term means in both the presumption, but the essential inquiry in the presumption is whether or not those terms drive and sense can note sufficient structure. And evidence was put forward of what one of our new skill in the art would understand those terms to mean. While it didn't define all of the boundaries of all various structures that accumulated over 20 years that people called drive and sense, that's not necessary. It's certainly, it's permissible to have a claim defined with those terms, defining a broad class of structures. That broad class is known to one of ordinary skill in the art. The only problem the district court had, and this was the error, was that it didn't define a specific structure. The district court felt that that conflict exceeded your time. We thank both counsel. This case is taken under submission. Thank you.